A02A0855. HEARD v. THE STATE.
(571 SE2d 524)

MILLER, Judge.

Andrew Heard appeals his convictions for possession of a con-
trolled substance (cocaine) and for driving with a suspended license.[*]
With respect to the drug conviction, he contends that (1) the evidence
was insufficient because it was supplied only by one accomplice, and

---

[1] (Citation omitted.) *Taylor v. State*, 251 Ga. App. 769, 770 (555 SE2d 135) (2001).
[2] *Butts v. State*, 244 Ga. App. 366, 368 (536 SE2d 154) (2000).
[3] (Citation omitted.) *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985).
[4] *Taylor v. State*, 266 Ga. 129 (464 SE2d 385) (1995).
[*] He was also convicted of driving with defective taillights and without proof of insur-
ance, but his enumerations of error relate only to the possession and suspended license
offenses.

(2) the videotape of the arrests and of the statements of his companions should not have been admitted because the audio portion of the tape malfunctioned and because it contained hearsay statements by his companions. With respect to the driving while suspended conviction, he claims that there was insufficient evidence that he was served with notice that his license was suspended. For the reasons that follow, we affirm both convictions.

Heard was jointly indicted on the drug charge with Dennis Marks and Martha Johnson, both of whom pled guilty and testified for the State at Heard's trial. Viewed in the light most favorable to the verdict (*Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979)), the record reveals that on July 6, 2000, Heard and Marks rode with Johnson to a mobile home park. Johnson and Marks both testified that the reason the threesome went to the park was to buy cocaine. Johnson testified that Heard and Marks each claimed to have $50.

Johnson and Marks testified that when they got to the park, Heard and Marks went into a trailer. Marks testified that there he and Heard each bought $50 worth of cocaine. Johnson and Marks both confirmed that the three then headed toward a motel to smoke the cocaine. Marks started smoking cocaine in the backseat. The officers who stopped the car immediately arrested Heard for driving with a suspended license. Police found Marks's cocaine in the backseat.

1. Heard first contends that the evidence was insufficient to convict him of possession of cocaine because the only evidence was that supplied by one accomplice. OCGA § 24-4-8 provides that "in . . . felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness. . . ." This rule "applies only when the accomplice is the sole witness upon whose testimony the State relies. Slight evidence of a defendant's . . . participation from an extraneous source is all that is needed to corroborate the accomplice's testimony." (Punctuation and footnotes omitted.) *Parker v. State*, 249 Ga. App. 509, 511 (1) (548 SE2d 475) (2001). Moreover, "[a]n accomplice's testimony may be corroborated by the testimony of a second accomplice." (Footnote omitted.) *Wilbanks v. State*, 251 Ga. App. 248, 260 (8) (554 SE2d 248) (2001).

Marks's testimony that Heard bought cocaine for $50 and left with him and Johnson to go to a motel to smoke it is evidence that Heard committed the offense of possession of cocaine. This evidence was amply corroborated by Johnson's testimony that the reason they went to the mobile home park was to buy cocaine, that she heard that each man had $50, that Heard and Marks went into a trailer, and

that all three then headed toward a motel to smoke the cocaine. A further corroborating circumstance was that the officer who stopped the car on its way to the motel found cocaine on the backseat.

Accordingly, we hold that the evidence was sufficient to convict Heard of possession of cocaine.

2. Heard next claims error in the admission of a videotape (which recorded the arrests and statements of Johnson and Marks at the time of those arrests) because the audio malfunctioned and only recorded portions of the statements. He also argues that the statements of Johnson and Marks on the videotape were inadmissible hearsay. "Whether to admit . . . a tape recording of a conversation when part of the conversation is inaudible is in the trial court's discretion. [Cit.]" *Brady v. State*, 270 Ga. 574, 580 (7) (513 SE2d 199) (1999). Heard has shown no abuse here. Indeed, poor audio quality that results in inaudible portions of a videotape can certainly be used to attack the weight and credibility of the videotape, but is not necessarily a roadblock to the tape's admissibility. See *State v. Forehand*, 246 Ga. App. 590, 595 (2) (542 SE2d 110) (2000); *Ellison v. State*, 242 Ga. App. 636, 637 (4) (530 SE2d 524) (2000); *Guerra v. State*, 210 Ga. App. 102, 105 (3) (b) (435 SE2d 476) (1993).

Regarding the hearsay statements made by Johnson and Marks on the videotape at the time of the arrests, we hold that their admission was not reversible error, as they were res gestae. See *Taylor v. State*, 226 Ga. App. 339, 340 (1) (486 SE2d 601) (1997) ("Hearsay statements made to an investigating officer shortly after the incident are part of the *res gestae* and are admissible at trial.") (citations and punctuation omitted); see generally *Hutson v. State*, 216 Ga. App. 100, 101 (5) (453 SE2d 130) (1995) (" 'all the circumstances connected with a defendant's arrest are admissible as a part of the res gestae.' [Cit.]"). Also, they were cumulative of the testimony given by Johnson and Marks at trial. See *Lynn v. State*, 181 Ga. App. 461, 464 (2) (352 SE2d 602) (1986) (competent evidence that is cumulative of incompetent evidence may render admission of incompetent evidence harmless). Since both Johnson and Marks testified and were cross-examined, any Sixth Amendment concerns were satisfied. See *White v. State*, 273 Ga. 787, 789 (2) (546 SE2d 514) (2001). We discern no reversible error.

3. Heard contends that the trial court erred in denying his motion for a directed verdict on the driving while suspended charge because according to Heard, there was insufficient evidence that he was served with notice that his license was suspended. See *Farmer v. State*, 222 Ga. App. 591 (474 SE2d 760) (1996) (State must show that the accused had received actual or legal notice of the suspension). The officer who stopped Heard testified (and the videotape showed) that when he asked Heard whether his license was suspended, Heard

responded, "Yes." Heard conceded that this evidence could properly show what he said. Accordingly, the record shows that Heard had actual knowledge and notice that his license was suspended. See *Kovacs v. State*, 227 Ga. App. 870, 872 (2) (490 SE2d 539) (1997) ("Appellant acknowledged that his license had been suspended, so it follows that he had received either actual or legal notice of such suspension.") (citations and punctuation omitted).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 20, 2002.

*Abernathy & Ballinger, Eric A. Ballinger*, for appellant.

*Garry T. Moss, District Attorney, Lawton W. Scott, Assistant District Attorney*, for appellee.