## A02A1604. HEATH v. THE STATE.
### (574 SE2d 852)

BLACKBURN, Chief Judge.

Richard Anthony Heath appeals from the trial court's denial of his motion to withdraw his guilty plea on the basis of ineffective assistance of counsel. As the neglectful representation provided by Heath's attorney was tantamount to no representation at all, we find that Heath was entitled to a presumption of prejudice in this case and reverse.

Heath was charged with fifteen counts of serious injury by vehicle, two counts of driving under the influence of alcohol, and one count of reckless driving, all arising from a head-on collision injuring three teenagers. Public defender Jason Shwiller entered an appearance on Heath's behalf on February 17, 2000. Heath pleaded not guilty on June 23, 2000. On June 19, 2001, the State presented notice of its intent to introduce as similar transaction evidence Heath's 1990 plea of guilty to DUI and being a habitual violator. On July 5, Heath entered a negotiated guilty plea to three counts of serious injury by vehicle, or one count per victim, with a sentence recommen-

[41] Id. at 683.
[42] Id.
[43] See *Kelly*, supra at 32 (2).

dation of thirty years, to serve between four and fifteen years. Shwiller advised Heath that he could expect to be sentenced "at the lower end" of the range. However, after Heath admitted that this was his fifth DUI conviction, and after hearing victim impact evidence, the court sentenced him to 15 years in confinement plus 15 years on probation.[1]

Heath subsequently filed a motion to withdraw his plea, asserting, inter alia, that the plea was not voluntarily or intelligently entered and that Shwiller rendered ineffective assistance. After a hearing, the trial court denied Heath's motion. This appeal followed.

In his sole enumeration of error, Heath asserts that the trial court erred in refusing to allow him to withdraw his plea due to ineffective assistance of counsel. Because the assistance provided by Shwiller was so deficient that it effectively equaled no assistance at all, we must reverse.

The hallmark case regarding ineffective assistance of counsel is *Strickland v. Washington.*[2] When considering the case now before us, it is essential to recall the precepts set forth therein.

In setting the parameters of effective assistance, the U. S. Supreme Court stated:

> [A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled.

(Punctuation omitted.) *Strickland*, supra at 685.

Further explaining the right to receive effective assistance of counsel, the Supreme Court noted:

> In giving meaning to the requirement, however, we must take its purpose — to ensure a fair trial — as the guide. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland*, supra at 686. The Supreme Court then pointed out that

---

[1] Heath also pleaded guilty to one count of DUI, but the court merged that count for sentencing purposes.

[2] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

the purpose of the Sixth Amendment guarantee to effective assistance "is simply to ensure that criminal defendants receive a fair trial." Id. at 689.

To ensure the requirement that a defendant receive a fair trial, the Supreme Court established a two-part inquiry to determine whether ineffective assistance of counsel had been rendered in any given case.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed . . . by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, supra at 687.

With regard to the second prong, the Supreme Court pointed out that, in some cases, prejudice could be presumed, including those instances in which there has been an "[a]ctual or constructive denial of the assistance of counsel altogether." *Strickland*, supra at 692. This sentiment was also reflected in *United States v. Cronic*,[3] in which the Court stated:

> [T]he adversarial process protected by the Sixth Amendment requires that the accused have counsel acting in the role of an advocate. The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted — even if defense counsel may have made demonstrable errors — the kind of testing envisioned by the Sixth Amendment has occurred. But if the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated.

(Citation, punctuation and footnotes omitted.) Id. at 656-657. The Supreme Court also concluded: "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." Id. at 659.

The case now before us falls into this latter category set forth in

---

[3] *United States v. Cronic*, 466 U. S. 648 (104 SC 2039, 80 LE2d 657) (1984).

*Cronic.* The record is replete with evidence of the total lack of any meaningful assistance provided to Heath by Shwiller.

Shwiller wholly failed to prepare and investigate Heath's case. "[C]ounsel's 'overarching duty' is 'to advocate the defendant's cause.'" *Jowers v. State*,[4] citing *Strickland*, supra at 688. Shwiller's performance demonstrates a complete lack of advocacy. Although Heath had no memory of the collision at issue, he informed Shwiller that his co-worker may have been driving the truck that caused the collision. Shwiller was given the witness's name and informed that he could possibly be found in Indiana. Heath's niece testified that when she telephoned Shwiller to report the existence of the witness, "he told me that he had so many cases on his load, that if he looked into every nook and cranny that there was to this case, that he would never get anything done, and that my uncle was nothing but a drunk, . . . and that his only option . . . was to say that he was guilty." In fact, Shwiller testified, he "did absolutely nothing to investigate" the witness.[5] Not only did Shwiller refuse to investigate the witness, he argued to the court immediately prior to the pronouncement of sentence that Heath had in fact been driving the vehicle:

> There's nothing I can say to excuse what Mr. Heath has done. There's no good spin that I can put on it. He consumed a great deal of alcohol, he drove on Georgia's road and caused a terrible tragedy. . . . No drunk driver ever means to hurt anybody. But unfortunately he got on Georgia's roads and ended up injuring some people, and it's just a terrible, terrible shame.[6]

Other aspects of Shwiller's performance are equally deficient. On cross-examination during the hearing on the motion to withdraw the plea, Shwiller admitted that he could not recall the elements of the offense of serious injury by vehicle, OCGA § 40-6-394; that he conducted no research to determine whether the victims' injuries fit within the statutory definition of "serious"; and that in advising Heath to plead guilty, he reasoned that a jury would not "hassle over the exact lettering of the words" of the statute. Finally, Shwiller admitted that he never consulted with Heath in person during the 13 months between arraignment and the entry of the plea. In effect, then, Shwiller did absolutely nothing meaningful on his client's

---

[4] *Jowers v. State*, 260 Ga. 459, 462 (2) (396 SE2d 891) (1990).

[5] Shwiller testified that although he had represented 300 indigent defendants in Paulding County, none had been tried before a jury, and he had never petitioned the court for funds to hire a private investigator.

[6] We are similarly disturbed by Shwiller's argument to the court that he did not "have the stomach" to review certain victim impact evidence.

behalf, thereby denying Heath his Sixth Amendment right to counsel altogether.

As Shwiller's neglectful representation constitutes no representation at all, Heath should be entitled to a presumption of prejudice in this case. "Prejudice is not required where the ineffectiveness of counsel is so pervasive that a particularized inquiry into prejudice would be unguided speculation." (Punctuation omitted.) *House v. Balkcom*,[7] cert. denied, *Balkcom v. House*.[8] As such, a presumption of prejudice should apply, and Heath should have been allowed to withdraw his guilty plea.

Although we have only found previous Georgia precedent in which a presumption of prejudice was applied in capital cases, there is no apparent reason to limit the presumption to capital cases. *Cronic*, itself, which sets forth the presumption of prejudice where defense "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," was a noncapital case involving a scheme of check kiting. Id. at 659. In addition, other jurisdictions have not limited the presumption of prejudice rule to capital cases. See, e.g., *Frett v. State*.[9]

Moreover, as the Supreme Court pointed out in *Strickland*, the Sixth Amendment right to receive effective assistance of counsel was extended to defendants to ensure that they receive a fair trial. This rule was meant for all defendants, not just those facing capital punishment. Embodied in the right to counsel is the idea that each and every defendant has the right to a minimum level of representation in every case. If a defendant's counsel gives less than this absolute minimum of assistance, thereby giving what is effectively no representation at all, that defendant should be entitled to a presumption of prejudice whether or not he is being tried for a capital crime.

While it is true that a "court must . . . consider that, although a capital case is judged by the same standards as any other case, 'the seriousness of the charges against the defendant is a factor that must be considered in assessing counsel's performance,' " (emphasis omitted) *Balkcom*, supra, 725 F2d at 615, it does not follow that a presumption of prejudice is applicable only in capital cases. While this statement does mean that the absolute minimum level of assistance in capital cases may be higher than in noncapital cases, it does not mean that a presumption of prejudice cannot apply to a noncapital case. To the contrary, it stands for the proposition that the seriousness of the offense is a factor which must be taken into account when judging the adequacy of representation.

---

[7] *House v. Balkcom*, 725 F2d 608, 620 (11th Cir. 1984).

[8] *Balkcom v. House*, 469 U. S. 870 (105 SC 218, 83 LE2d 148) (1984).

[9] *Frett v. State*, 298 S.C. 54 (378 SE2d 249) (1988).

Simply stated, any defendant who receives less than an absolute minimum level of representation in any given case such that, in effect, he has received no representation at all should be entitled to a presumption of prejudice. While the absolute minimum level of assistance requires more assistance in a capital case than in a noncapital case, the presumption of prejudice must apply in both contexts. Otherwise, the purpose of the Sixth Amendment right to effective counsel to ensure a fair trial for each and every defendant will be circumvented.

Applying these rules to this case, it is clear that Heath's counsel failed to subject the State's case to meaningful adversarial testing. As such, it should be presumed that the lack of effective assistance of counsel was prejudicial, and Heath should have been allowed to withdraw his guilty plea.

*Judgment reversed. Andrews, P. J., Johnson, P. J., Smith, P. J., Miller, Phipps and Mikell, JJ., concur.*

DECIDED NOVEMBER 26, 2002

*Gary W. Jones*, for appellant.

*James R. Osborne, District Attorney, Aaron S. Henrickson, Assistant District Attorney*, for appellee.

*Alexander T. Rundlet*, amicus curiae.