## S03A0272. McCUTCHEN v. THE STATE.
### (579 SE2d 732)

CARLEY, Justice.

George Allen McCutchen was charged with malice murder, three counts of felony murder, two counts of armed robbery, one count of burglary, and three counts of aggravated assault. He pled guilty to one count of felony murder and was sentenced to life imprisonment. In exchange for the guilty plea, the State agreed to enter a nolle prosequi on the other charges and not to oppose parole after 14 years. Shortly thereafter, McCutchen retained new counsel who filed a motion to withdraw the guilty plea, which the trial court denied. McCutchen appeals,[1] contending that the guilty plea was void because his trial attorney rendered ineffective assistance in failing to confer with him or to investigate exculpatory or mitigating evidence.

To prevail on this claim, McCutchen "must show that his lawyer's performance was deficient and that, but for [his] errors, there is a reasonable probability he would have insisted on going to trial. [Cit.]" *Ellis v. State,* 272 Ga. 763, 764 (1) (534 SE2d 414) (2000). See also *Hill v. Lockhart,* 474 U. S. 52, 59 (106 SC 366, 88 LE2d 203) (1985). The trial court specifically found that McCutchen did not establish that defense counsel failed to confer sufficiently with him or to seek and consider testimony from co-indictee Marcus Zurita, or that there was a reasonable probability that, but for counsel's alleged errors, McCutchen would not have pleaded guilty and would have insisted on going to trial.

> This court gives deference to the trial court's factual findings, unless clearly erroneous, but independently applies the legal principles to the facts to determine the merits of a claim of ineffective assistance of counsel. [Cit.] There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. [Cit.]

---

[1] The crime occurred on June 10, 2000. The grand jury returned its indictment on February 2, 2001. McCutchen pled guilty on June 25, 2001 and, on that same day, the trial court entered the judgment of conviction and sentence. On June 29, 2001, McCutchen filed the motion to withdraw the guilty plea, which the trial court denied on July 9, 2002. The notice of appeal was filed on July 18, 2002 and amended on September 23 and October 1, 2002. The case was docketed in this Court on October 25, 2002 and submitted for decision on December 16, 2002.

*Sedlak v. State*, 275 Ga. 746, 751 (3) (571 SE2d 721) (2002).

The fact that trial counsel or his associate met with McCutchen "for an amount of time claimed to be inadequate is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client. [Cit.]" *Morgan v. State*, 275 Ga. 222, 228 (10) (564 SE2d 192) (2002). At the hearing on the motion to withdraw, the testimony of defense counsel contradicted that of McCutchen and family members regarding the nature and quantity of consultation with them. The trial court was authorized to resolve this dispute in favor of the State and to find that McCutchen failed to carry his burden of showing that the consultation was deficient. *Drew v. State*, 256 Ga. App. 391, 393 (2) (a) (568 SE2d 506) (2002). See also *Romano v. State*, 272 Ga. 238, 239 (2) (527 SE2d 184) (2000); *Swantner v. State*, 244 Ga. App. 372, 374 (2) (a) (535 SE2d 343) (2000). Compare *Cochran v. State*, 262 Ga. 106, 107 (2) (a) (414 SE2d 211) (1992).

With regard to the alleged inadequate investigation of possible defenses, McCutchen asserts that, in view of evidence showing his lack of direct involvement in the murder and his fear of Zurita, counsel unreasonably discounted the mitigating potential of testimony from the co-indictee that he coerced McCutchen into participating in any criminal action. However, defense counsel had copies of all witness statements, including a letter to McCutchen from Zurita, well in advance of the date scheduled for trial. In the opinion of trial counsel, based on his extensive experience, a jury in the county where McCutchen was charged would find that Zurita was not credible, because he was a career criminal already convicted of murder, with nothing to lose from trying to exculpate his accomplices, and his proffered testimony was inconsistent with interlocking confessions by McCutchen and his girlfriend which belied any coercion defense. Compare *Richardson v. State*, 189 Ga. App. 113 (375 SE2d 59) (1988). Moreover, counsel correctly explained to McCutchen that coercion is not a defense to murder. *Thomas v. State*, 246 Ga. 484 (272 SE2d 68) (1980). Therefore, the decision not to consider Zurita a valuable witness was strategic or tactical, and a reviewing court must be highly deferential to those choices made by defense counsel which are arguably dictated by a reasonable strategy. See *Hamilton v. State*, 274 Ga. 582, 589 (13) (555 SE2d 701) (2001). See also *Martin v. State*, 268 Ga. 584, 585 (492 SE2d 223) (1997). Compare *Jowers v. State*, 260 Ga. 459, 462 (2) (396 SE2d 891) (1990).

Because the trial court was clearly authorized to find that the performance of trial counsel was not deficient, we need not determine whether McCutchen would have insisted on going to trial in the absence of the alleged errors or whether the allegations of deficiency would give rise to a presumption of prejudice. See *Bailey v. State*, 273

Ga. 303, 307 (5) (540 SE2d 202) (2001). Compare *Cochran v. State,* supra at 108 (2) (b); *Heath v. State,* 258 Ga. App. 612 (574 SE2d 852) (2002).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2003.

*Cathy M. Alterman,* for appellant.

*Patrick H. Head, District Attorney, Amy H. McChesney, Timothy B. Lumpkin, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General,* for appellee.