S03G0528. THE STATE v. HEATH.
(588 SE2d 738)

FLETCHER, Chief Justice.

We granted certiorari in this case to consider the circumstances under which a court may apply a presumption of prejudice in evaluating a claim of ineffective assistance of counsel.[1] Because the presumption is applicable in only a narrow range of circumstances that are not presented in this case, we reverse and remand.

Richard Anthony Heath was indicted for two counts of driving under the influence, 15 counts of serious injury by vehicle, and one

[1] *Heath v. State*, 258 Ga. App. 612 (574 SE2d 852) (2002).

count of reckless driving arising out of an accident in which a large service truck driven by Heath collided head-on with a Ford Tempo. Heath was appointed counsel and ultimately entered a guilty plea to three counts of serious injury by vehicle under a negotiated plea agreement with a recommended sentence of 30 years, to serve four to fifteen years. After conducting a plea colloquy, hearing from the victims, and discussing Heath's four prior DUI convictions, the trial court sentenced Heath to 30 years, with 15 to serve. Subsequently, Heath sought to withdraw his plea based on ineffective assistance of counsel. The trial court denied the motion to withdraw the plea, finding that Heath had failed to establish that but for his counsel's errors, he would have insisted upon going to trial. The Court of Appeals reversed.

In *Hill v. Lockhart*,[2] the United States Supreme Court established the test for reviewing claims of ineffective assistance of counsel in the context of a guilty plea. The Court held that a defendant who pleads guilty and who seeks to overturn his conviction because of counsel's errors must meet the now familiar two-part test of *Strickland v. Washington*[3] — deficient performance and prejudice. The analysis of counsel's performance is similar whether in the context of a trial or a guilty plea. The prejudice component in the context of a guilty plea, however, is met by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[4] Contrary to *Hill* and decisions of this Court applying it,[5] the Court of Appeals relieved Heath of the burden of establishing prejudice.

In *Strickland*, the Supreme Court identified three instances in which the defendant would be relieved of his burden to establish prejudice stemming from counsel's errors: (1) an actual or constructive denial of counsel, (2) government interference with defense counsel, and (3) counsel that labors under an actual conflict of interest that adversely affects his performance.[6] Heath claims that his counsel's performance was so devoid of effort that it amounted to a constructive denial of counsel.

In *Strickland*'s companion case, *United States v. Cronic*,[7] the Court considered the circumstances sufficient to show a constructive denial of counsel. "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," then prejudice may be

---

[2] 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985).
[3] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[4] *Hill*, 474 U. S. at 58-59.
[5] See, e.g., *Tarwater v. State*, 259 Ga. 516 (383 SE2d 883) (1989).
[6] *Strickland*, 466 U. S. at 692.
[7] 466 U. S. 648 (104 SC 2039, 80 LE2d 657) (1984).

presumed.[8] Prejudice may also be presumed if the circumstances surrounding the trial render it practically impossible for even competent counsel to provide effective assistance.[9] Whether a court may presume prejudice "turns on the magnitude of the deprivation of the right to effective assistance of counsel."[10]

Heath contends that he suffered a constructive denial of counsel because his counsel failed to investigate Heath's assertion that another individual was driving the truck at the time of the collision, failed to inform Heath of the potential sentence he was facing, talked with Heath only on the telephone and not in person, and failed to research whether the victims' injuries met the statutory requirement for serious injury by vehicle. These deficiencies are precisely the type of shortcomings that courts routinely subject to a prejudice analysis. Indeed, in *Hill*, the Supreme Court specifically addressed how to apply the prejudice prong to a claim that counsel failed to investigate or discover exculpatory evidence.[11] Other courts have likewise concluded that a presumption of prejudice is appropriate only in a very narrow range of cases and have refused to apply the presumption in circumstances similar to those presented here.[12] Furthermore, this Court has routinely required that a defendant satisfy the prejudice prong when alleging similar deficiencies in trial counsel's performance.[13]

Because Heath's claims do not rise to the level of a constructive denial of counsel, we conclude that the Court of Appeals erred in applying a presumption of prejudice. Therefore, we reverse and remand to the Court of Appeals for consideration of Heath's claim under the standard enunciated in *Hill*.[14]

*Judgment reversed and case remanded. All the Justices concur.*

---

[8] Id. at 659.

[9] Id. at 660-661.

[10] *Roe v. Flores-Ortega*, 528 U. S. 470, 482 (120 SC 1029, 145 LE2d 985) (2000).

[11] *Hill*, 474 U. S. at 59.

[12] See, e.g., *Woodard v. Collins*, 898 F2d 1027, 1028 (5th Cir. 1990) (counsel allegedly failed to investigate one count of multi-count indictment); *Craker v. McCotter*, 805 F2d 538, 542 (5th Cir. 1986) (counsel appointed moments before defendant pleads guilty, although after counsel's partner had previously investigated case and negotiated deal); *Praylow v. Martin*, 761 F2d 179, 183 (4th Cir. 1985) (counsel appointed the same day that a defendant pleads guilty); *Laferriere v. Maine*, 697 A2d 1301 (Me. 1997) (counsel allegedly failed to explain charges to defendant).

[13] See, e.g., *Shaheed v. State*, 276 Ga. 291, 292 (578 SE2d 119) (2003) (failure to inform defendant of maximum sentence); *Spencer v. State*, 275 Ga. 192, 193 (563 SE2d 839) (2002) (failure to investigate another possible suspect); *Kirkland v. State*, 274 Ga. 778, 779-780 (560 SE2d 6) (2002) (counsel unaware of law regarding disqualification of jurors); *Ledbetter v. State*, 262 Ga. 370, 371 (418 SE2d 57) (1992) (failure to consult with client).

[14] *Hill*, 474 U. S. at 58-59.

DECIDED NOVEMBER 10, 2003.

*James R. Osborne, District Attorney, Aaron S. Henrickson, Assistant District Attorney,* for appellant.
*Gary W. Jones,* for appellee.
*Alexander T. Rundlet,* amicus curiae.