A05A1313. MILLSAP v. THE STATE.
(621 SE2d 837)

PHIPPS, Judge.

Roy Manuel Millsap was tried by a jury and convicted of violation of the Georgia Controlled Substances Act. On appeal, he claims that the evidence was insufficient to support his conviction, that the trial court erred by denying his motion for mistrial and that his trial counsel was ineffective. We conclude that the evidence was sufficient, that the trial court did not err by denying Millsap's motion for mistrial and that Millsap has failed to show ineffective assistance of counsel. Therefore, we affirm.

Viewed in the light most favorable to the verdict, the evidence showed that Millsap, Teresa Sornson and Bobby Moss were riding in Millsap's truck one afternoon and that they went to the New Town area of Dalton. They stopped outside a game room and several men approached the truck. Cory Holland approached Millsap, who was in the driver's seat. Millsap showed Holland a picture of his nephew and asked if he had seen him. According to Moss, who is Millsap's cousin, Holland then handed crack cocaine to Millsap in exchange for money.

Mike Wilson, a detective with the Dalton police department, testified that New Town is an area where there are numerous arrests for drug activity, particularly the sale of crack cocaine. He said that the game room where Millsap stopped his truck was a "hot spot" for

---

[17] See id.
[18] (Punctuation omitted.) *La Petite Academy v. Prescott*, 234 Ga. App. 32, 35 (2) (506 SE2d 183) (1998).

the sale of crack cocaine. Wilson testified that he saw Millsap's truck, with three occupants, outside the game room. Holland was standing at the driver's side window. As Wilson and his partner, Jeff Howard, drove to the driver's side of Millsap's truck, Wilson saw what appeared to be money in Holland's hand as Holland withdrew his hand from the driver's window. When the detectives got out of their car and identified themselves, Holland backed away from the truck to a trash can where it appeared that he dropped something. Wilson searched the trash can and found several rocks of crack cocaine. He also found approximately $200 in Holland's pockets.

One of the detectives instructed Millsap to get out of the truck. Moss testified that before Millsap got out, he placed a rock of crack cocaine beside the driver's seat. Moss said that Sornson then reached down beside the seat and handed him two crack cocaine rocks, which he threw out the window. Moss testified that more officers arrived and that they searched the truck several times before any crack cocaine was found. According to Wilson, there was only one search of the truck. Wilson testified that Howard found a crack cocaine rock on the driver's floorboard.[1] The substance found in the truck was tested and determined to be less than one gram of a substance containing cocaine.

Millsap testified that he went to the New Town area that day to look for his nephew. As he drove by the game room, he saw several people out front and decided to seek their help. Millsap said that he did not know Holland, but that Holland did approach his truck along with one or two other people. He said that he showed his nephew's picture to Holland, but did not hand him anything.

1. Millsap claims that the evidence was insufficient to support his conviction. He argues that Moss's testimony was not credible and lacked necessary corroboration.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the prosecution and the appellant no longer enjoys a presumption of innocence.[2] As an appellate court, we do not weigh evidence or determine witness credibility.[3] Thus, Moss's credibility, or lack thereof, is not an issue we can address on appeal.[4]

To sustain a felony conviction based upon the testimony of an accomplice, there must be independent corroborating evidence, either testimony from another witness or corroborating circumstances,

---

[1] Howard was out of town at the time of trial and did not testify.
[2] *Moody v. State*, 232 Ga. App. 499, 504 (3) (502 SE2d 323) (1998).
[3] Id.
[4] See *Goldsby v. State*, 273 Ga. App. 523, 531 (7) (615 SE2d 592) (2005).

which connects the accused to the crime.[5] "The sufficiency of the corroborating evidence is a matter for the jury, and if the verdict is based upon the slightest evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient. [Cit.]"[6] The corroboration "need not be sufficient to warrant a guilty verdict or prove every material element of the crime; it need only tend to connect and identify the defendant with the crime charged."[7]

Here, Moss's testimony was corroborated by Wilson's testimony that he saw what appeared to be money in Holland's hand as Holland lowered his hand from Millsap's car window. Moss's testimony was further corroborated by the fact that crack cocaine was found in the truck near where Millsap had been sitting.[8] We conclude that the evidence was sufficient for a rational trier of fact to find Millsap guilty beyond a reasonable doubt of possession of cocaine.[9]

2. Millsap claims that the trial court erred by failing to grant his motion for mistrial when the state elicited irrelevant testimony pertaining to Holland's arrest.

At trial, Millsap's counsel objected to any testimony related to Holland's actions after he walked away from the truck as irrelevant and prejudicial. The trial court overruled the objection and ruled that the testimony was admissible as part of the res gestae. Millsap's counsel then moved for a mistrial, and the motion was denied.

Millsap was charged with possessing cocaine, and other evidence showed that he purchased the cocaine from Holland. Wilson testified that Holland dropped crack cocaine in a trash can located near Millsap's truck immediately after the transaction between Millsap and Holland and that approximately $200 was found on Holland's person. That evidence was relevant as part of the res gestae of the crime that Millsap was charged with committing.[10]

3. Millsap claims that his trial counsel was ineffective because he failed to subpoena certain witnesses for trial, failed to file a motion to suppress and did not spend sufficient time with him prior to trial. He argues that these alleged errors changed the outcome of his trial.

> A defendant claiming ineffective assistance of counsel must show (1) that his attorney's representation in specified instances fell below an objective standard of reasonableness

---

[5] See OCGA § 24-4-8; *Edmond v. State*, 267 Ga. 285, 287 (2) (476 SE2d 731) (1996).

[6] *Edmond,* supra.

[7] *Raines v. State,* 186 Ga. App. 239, 240-241 (2) (366 SE2d 841) (1988) (citations and punctuation omitted).

[8] See *Heard v. State*, 257 Ga. App. 505, 507 (1) (571 SE2d 524) (2002).

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[10] See *Shields v. State*, 203 Ga. App. 538, 539 (1) (417 SE2d 168) (1992).

and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.[11]

We are not required to address both components of the test if the defendant has made an insufficient showing on one.[12]

(a) Millsap contends that his trial counsel should have subpoenaed Howard to testify at trial because his testimony would have conflicted with Wilson's testimony. Millsap does not, however, reveal what conflicts existed between the testimony of the two officers.

At the motion for new trial hearing, Millsap's trial counsel testified that he initially represented Millsap at a probation revocation hearing. Both Wilson and Howard testified at the probation revocation hearing. Millsap's trial counsel said that there was some conflict between Howard's testimony and Wilson's testimony and that the conflict was more favorable to the defense than to the prosecution. He testified that if he had had sufficient funds to obtain a copy of the probation revocation hearing transcript, he would have subpoenaed Howard for trial. But his trial counsel did not testify about what conflicts existed between the officers' testimony or how those conflicts might have altered the outcome of the trial.

Even if we assume that Millsap's trial counsel was somehow deficient for failing to subpoena Howard, Millsap has not shown a reasonable probability that the outcome of the trial would have been different if Howard had testified.

(b) Millsap claims that his trial counsel should have subpoenaed a witness to corroborate his claim about why he was in the New Town area.

At the motion for new trial hearing, Millsap's trial counsel testified that it was not contested that Millsap was in the area looking for a relative and that he saw no need to corroborate Millsap's testimony on that issue. He noted that Sornson had also testified that they were in New Town looking for Millsap's nephew. In addition, Moss testified that Millsap showed Holland a picture of his nephew and asked if he had seen him. Millsap has failed to show that calling another witness to testify about his search for his nephew would have altered the outcome of the trial.

(c) Millsap claims that his trial counsel should have filed a motion to suppress the cocaine found in his truck.

---

[11] *Parrish v. State*, 237 Ga. App. 274, 283 (10) (514 SE2d 458) (1999) (citation and punctuation omitted).

[12] *Simmons v. State*, 262 Ga. App. 164, 167 (1) (d) (585 SE2d 93) (2003).

Millsap's trial counsel testified that he discussed filing such a motion with Millsap. Trial counsel testified that, based on Wilson's prior testimony that he had obtained Millsap's consent before conducting the search, they concluded that the motion would not be successful.

The failure to file a motion to suppress does not constitute per se ineffective assistance of counsel; an appellant must make a strong showing that the evidence would have been suppressed had the motion been filed.[13] Moreover, failure to file a futile motion to suppress does not constitute ineffective assistance.[14]

Millsap made no attempt in the trial court to show that a motion to suppress would have been successful, nor has he articulated any such argument in this court. Because Millsap "failed to show that a motion to suppress would have been granted had one been filed, the trial court did not err in finding that trial counsel's representation of [Millsap] did not amount to ineffective assistance of counsel."[15]

(d) Millsap complains that his trial counsel did not spend sufficient time with him prior to trial.

Millsap's trial counsel testified that he did not spend a lot of time with Millsap between the probation revocation hearing and the trial, which were approximately six months apart, because he did not see a need for it. Trial counsel further testified that they had reviewed the case and that the trial was "essentially the probation revocation re-hashed."

The fact that trial counsel met with Millsap "for an amount of time claimed to be inadequate is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client."[16] Based on trial counsel's testimony, the trial court was authorized to resolve this dispute in favor of the state and find that Millsap failed to carry his burden of showing that the consultation was deficient.[17]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 5, 2005.

*Michael A. Corbin*, for appellant.

---

[13] *Quinn v. State*, 255 Ga. App. 744, 749 (5) (566 SE2d 450) (2002), rev'd in part on other grounds, *Ross v. State*, 279 Ga. 365, 368 (2), n. 17 (614 SE2d 31) (2005).

[14] *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004).

[15] Id. (citation and punctuation omitted).

[16] *McCutchen v. State*, 276 Ga. 532, 533 (579 SE2d 732) (2003) (citation and punctuation omitted).

[17] See id.

▆▆▆▆▆▆▆▆▆▆▆

*Kermit N. McManus, District Attorney, John S. Helton, Assistant District Attorney*, for appellee.