## A08A1083. FLOYD v. THE STATE.
### (666 SE2d 611)

MILLER, Judge.

Rico Montez Floyd entered an *Alford*[1] plea of guilty to one count of aggravated child molestation by placing his penis in the anus of his first victim, S. T., a child under the age of 16 years (OCGA § 16-6-4 (c)), one count of child molestation by rubbing the primary genital area of his second victim, J. H., also a child under the age of 16 years (OCGA § 16-6-4 (a)), and one count of sexual battery by intentionally making physical contact with the said second victim, as above (OCGA § 16-6-22.1 (b)). Within 30 days of the entry of the sentence thereon,[2] Floyd, pro se, sent the trial court a handwritten letter indicating that he wished to withdraw his guilty plea. Following the trial court's appointment of appellate counsel to assist him, Floyd filed a motion to withdraw his plea, claiming that he received ineffective assistance of trial counsel. Floyd now appeals from the denial of such motion, contending that trial counsel was ineffective in failing to (i) advise him of his right to withdraw his negotiated guilty plea after it was entered and before sentencing, (ii) properly advise him as to his eligibility for parole, and (iii) investigate and locate requested medical and phone records. Discerning no error, we affirm.

In *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), the United States Supreme Court established the test for reviewing claims of ineffective assistance of counsel in the context of a guilty plea. Therein the Supreme Court

> held that a defendant who pleads guilty and who seeks to overturn his conviction because of counsel's errors must meet the now familiar two-part test of *Strickland v. Washington*[, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)] — deficient performance and prejudice. The analysis of counsel's performance is similar whether in the context of a trial

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[2] Pursuant to a pretrial agreement authorizing the imposition of a total sentence of twenty-five years, with ten to twenty years to be served in confinement and the remainder probated, the trial court sentenced Floyd to fifteen years to serve in confinement and ten years to serve on probation.

or a guilty plea. The prejudice component in the context of a guilty plea, however, is met by showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Punctuation and footnotes omitted.) *State v. Heath*, 277 Ga. 337, 338 (588 SE2d 738) (2003).

1. Floyd's claim that trial counsel was ineffective for failure to provide him proper advice as to his right to withdraw his guilty plea is without merit.

Here, the record shows that Floyd expressed no desire to trial counsel to withdraw his guilty plea prior to sentencing. Before entering his plea, he sought the guidance of counsel only as to how "go[ing] to trial or not . . . work[ed]. . . ." Nothing of record shows that Floyd made any inquiry about the withdrawal of a guilty plea or failed to get an answer as to any such question. And, Floyd's claim to the contrary notwithstanding, there is no evidence that he was pressured to enter his pleas of guilty. Rather, at the hearing on his motion to withdraw guilty plea, Floyd testified that he felt pressure to enter his pleas only in the sense that he had seen a letter which indicated that he had until a date certain to accept or reject the same.

Under these circumstances, there was no right of plea withdrawal about which Floyd should have been made aware. Accordingly, Floyd failed to meet his burden of showing deficient performance by his trial counsel on this basis. *Heath*, supra, 277 Ga. at 338.

2. Floyd further argues that counsel erroneously advised him that, if he entered negotiated pleas, he would be eligible for parole after serving not less than 90 percent of his sentence. We agree. An attorney rendering reasonably effective assistance would have informed Floyd, before he pled guilty, that no portion of the mandatory minimum ten-year sentence on the aggravated child molestation charge was subject to "any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles." OCGA § 17-10-6.1 (a) (7), (b). Consequently, we find that Floyd satisfied the first prong of the *Strickland* test.

However, because it is undisputed that the defense strategy in seeking the plea agreement was not to ensure eligibility for parole, but to minimize Floyd's exposure to sentencing as a recidivist, there is no prejudice. See *Heath*, supra, 277 Ga. at 338 (requiring the showing of a "reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial") (punctuation and footnote omitted); compare *Crabbe v. State*, 248 Ga. App. 314, 315-316 (546 SE2d 65) (2001) (where the defense strategy in plea negotiations is to ensure the

defendant's eligibility for parole, and the defense attorney misinforms his client that he will be eligible for parole, the attorney renders ineffective assistance for deficient performance and prejudice).

3. Neither did Floyd receive ineffective assistance of trial counsel upon counsel's failure to obtain and investigate requested medical and phone records.

(a) Floyd claims that his counsel failed to obtain the medical records of a similar transaction victim. At the trial court's hearing on his motion to withdraw guilty plea, he testified that he was specifically looking for records generated during the course of normal medical examinations, rather than an examination for sexual assault. However, trial counsel testified that in her experience, evidence of sexual assault was rare in such medical records. "[D]eciding what evidence to present or to forego in defending a client charged with a crime is a matter of strategy and tactics, and matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel." (Punctuation and footnote omitted.) *Dukes v. State*, 285 Ga. App. 172, 174-175 (2) (645 SE2d 664) (2007). Even were there deficient performance of counsel for the failure to obtain such records, there is no showing of how this would have prejudiced him in deciding to plead guilty. *Heath*, supra, 277 Ga. at 338.

(b) Finally, Floyd asserts that he received ineffective assistance of counsel because trial counsel failed to obtain certain phone records which would have established that the charge of sexual molestation was not corroborated by evidence of a timely outcry. A conviction under the child molestation statute, however, does not require corroborating evidence. *Tadic v. State*, 281 Ga. App. 58, 59 (2) (635 SE2d 356) (2006); *Cantrell v. State*, 231 Ga. App. 629, 630 (500 SE2d 386) (1998). "The failure to pursue what is not required does not constitute ineffective assistance of counsel." (Citation omitted.) *Defrancisco v. State*, 289 Ga. App. 115, 119 (1) (e) (656 SE2d 238) (2008). Consequently, we find no ineffective assistance of trial counsel on this account. *Heath*, supra, 277 Ga. at 338.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 5, 2008.

*Thomas J. Killeen*, for appellant.

*Kenneth W. Mauldin, District Attorney, Nancee E. Tomlinson, Assistant District Attorney*, for appellee.