S12A1895. ARNOLD v. THE STATE.
(734 SE2d 382)

THOMPSON, Presiding Justice.

Via indictment, appellant, Darchelle Renee Arnold, was charged with two counts of malice murder, four counts of felony murder, three counts of armed robbery, and six counts of aggravated assault, in connection with the shooting deaths of two victims and the wounding of another. Pursuant to a negotiated plea, appellant pled guilty to two counts of felony murder and one count of aggravated assault. She was sentenced to two concurrent terms of life for each felony murder count and twenty years on probation, to be served consecutively, for aggravated assault. Appellant subsequently filed a motion to withdraw her guilty plea, claiming: (1) ineffective assistance of counsel, and (2) she did not enter a knowing, voluntary, and intelligent plea. Following a hearing, the motion was denied, and this appeal followed. Finding no error, we affirm.

1. Appellant contends defense counsel was ineffective because defense counsel erroneously informed her she would be eligible for parole within the first 30 years of her imprisonment if she accepted the plea offer. She also asserts defense counsel mistakenly told her she could withdraw her guilty plea any time after sentencing. Summing up, appellant claims that, but for the erroneous advice of defense counsel, she would not have entered a guilty plea.

In *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), the United States Supreme Court established the test for reviewing claims of ineffective assistance of counsel in the context of a guilty plea. In so doing, the Supreme Court

> held that a defendant who pleads guilty and who seeks to overturn his conviction because of counsel's errors must meet the now familiar two-part test of *Strickland v. Washington*[, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)] — deficient performance and prejudice. The analysis of counsel's performance is similar whether in the context of a trial or a guilty plea. The prejudice component in the context of a guilty plea, however, is met by showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Punctuation and footnotes omitted.) *State v. Heath*, 277 Ga. 337, 338 (588 SE2d 738) (2003).

In reviewing an ineffective assistance of counsel claim, " 'an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo. [Cit.]' " *Moore v. State*, 278 Ga. 397 (2) (603 SE2d 228) (2004). Defense counsel testified he correctly advised appellant that she would not be eligible for parole until she served 30 years of her life sentence. He also testified he did not tell appellant she could withdraw her guilty plea at any time. Thus, in rejecting appellant's ineffective assistance claim and finding that defense counsel's performance fell well within the range of reasonable professional assistance, the trial court implicitly credited defense counsel's testimony. Cf. *Floyd v. State*, 293 Ga. App. 235, 236 (2) (666 SE2d 611) (2008) (counsel rendered ineffective assistance by erroneously advising defendant he would be eligible for parole after serving 90 percent of mandatory minimum sentence on aggravated child molestation charge). Giving due deference to the trial court's factual

findings, *Moore v. State*, supra, we conclude that appellant failed to meet her burden of showing deficient performance on the part of defense counsel.

2. Appellant asserts her guilty plea was involuntary because the lower court failed to inform her on the record of the mandatory minimum sentence for the charge of felony murder in compliance with Uniform Superior Court Rule 33.8. We disagree.

In determining whether a guilty plea was voluntary and knowing, an appellant need not be specifically advised of each and every right set forth in Uniform Superior Court Rule 33.8. *Britt v. Smith*, 274 Ga. 611, 614 (556 SE2d 435) (2001). In addition, even if an appellant enters a plea without being advised of his rights by the court, he must still prove that the withdrawal of the plea is required to correct a manifest injustice. *State v. Evans*, 265 Ga. 332, 336 (454 SE2d 468) (1995).

The test for manifest injustice

> will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.

*State v. Evans*, 265 Ga. at 336. Here, the record of the guilty plea hearing shows appellant knowingly, intelligently, and voluntarily waived her rights. Furthermore, although the trial court did not inform appellant of the mandatory minimum sentence for the charges to which she was entering a guilty plea, as we noted in Division 1, counsel's testimony that he correctly advised appellant concerning the length of her sentence was deemed credible by the trial court. It follows that appellant has not demonstrated she should be permitted to withdraw her plea to correct a manifest injustice and that the court did not err in denying appellant's motion to withdraw her guilty plea. See *Adams v. State*, 285 Ga. 744, 748 (683 SE2d 586) (2009); *Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*Louis M. Turchiarelli*, for appellant.

*Patrick H. Head, District Attorney, John R. Edwards, Anna G. Cross, Jason R. Samuels, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General*, for appellee.