## S16A0865. GLOVER v. THE STATE.

(793 SE2d 408)

BENHAM, Justice.

Appellant DeMariye Vontrel Glover appeals the trial court's denial of his motion to withdraw his guilty plea to felony murder. We affirm.

Appellant was indicted, along with a co-defendant, for the offenses of malice murder, felony murder, and possession of a firearm during the commission of a felony, all arising out of the shooting death of Demetrious Moore during an attempted armed robbery. Appellant was represented by counsel, and on the morning the trial was to begin he entered a guilty plea to the felony murder charge in exchange for the prosecutor's agreement not to prosecute the remaining charges. Following a hearing, the trial judge accepted the negotiated plea, entered a judgment of guilty on the felony murder charge, and sentenced Appellant to life in prison with the possibility of parole. Less than a month later, Appellant filed a timely pro se motion to withdraw the guilty plea on the ground it was not knowingly and voluntarily entered, which was followed by a similar motion filed by trial counsel. Trial counsel was permitted to withdraw.

1. The trial court conducted a hearing on Appellant's motion, at which Appellant was represented by new counsel. Appellant and his trial counsel testified. The gist of Appellant's argument, both at the motion hearing and on appeal, is that he did not knowingly enter into his guilty plea because he did not understand how and why he could be found guilty as a party to the crimes even though the undisputed evidence showed he was not the shooter.[1] He claims he did not understand the law as it applied to his case. Appellant admitted at the motion hearing, however, that he and the co-defendant engaged in a plan to rob the victim at gunpoint, and that he told the authorities investigating the shooting about this plan. Appellant testified at the motion hearing that he participated with the co-defendant in criminal attempted armed robbery and that in the course of committing that crime the victim was shot and killed. Appellant disputed trial counsel's testimony that she explained to him the law of party to a crime as well as her testimony regarding the number of times and amount of time she spent meeting with him. Instead, Appellant testified trial counsel was not prepared to try the case and that she did not have a plan for proceeding to trial.

---

[1] The State does not dispute that the victim was killed by a bullet fired from the handgun the co-defendant was carrying at the time of the shootings and that no evidence exists to demonstrate Appellant fired the pump shotgun he was carrying.

Appellant's trial counsel testified, in relevant part, as follows: that she served as Appellant's appointed counsel and worked with Appellant on his case for over eleven months; that she met with Appellant numerous times at the jail and on each occasion never spent less than an hour with him; that she informed her client that, though she made many attempts to negotiate the charges against him, the prosecutor never made an offer to reduce the murder charges to a lesser charge, such as manslaughter; that she prepared for trial and was ready to proceed to trial on the day Appellant entered his guilty plea; that he appeared to be in control of his emotions and that the decision to enter a plea was his own; that she explained, and he appeared to understand, the rights he would be waiving by entering a plea; and that she explained the evidence she expected would be admitted at trial, including his video-recorded and written statements, which the court had already ruled to be admissible, would be sufficient to support a conviction for which he could be sentenced to life without the possibility of parole. With respect to Appellant's understanding about the law of party to a crime, counsel testified she explained to him that, given the admitted facts, he could be found legally responsible for the victim's death even if the co-defendant was the shooter. She testified she believed he understood the concept of being a party to a crime and that she had discussed this concept with him "ad nauseam."

The judge who conducted the motion hearing was also the judge who accepted Appellant's guilty plea after conducting a hearing. The transcript of the plea hearing shows Appellant testified he understood the constitutional rights he was waiving, after the judge enumerated those rights to him. The transcript shows the judge read to Appellant the allegations of the felony murder count of the indictment in which Appellant was accused of causing the victim's death while in the commission of the felony of attempted armed robbery, by shooting the victim, as the two co-defendants were attempting to rob the victim using a handgun. Appellant testified at the plea hearing that he was satisfied with trial counsel's representation, attested that with assistance of counsel he had filled out the guilty plea and acknowledgment and waiver of rights form, and stated that he understood the questions on the form and answered them truthfully. The trial court admitted the form and then found the plea was freely, voluntarily, knowingly, and intelligently made. A factual basis for the plea was set forth in the prosecutor's proffer of what the evidence would show, including Appellant's statement that the co-defendant shot the victim after the victim tried to run away from the co-defendants. Appellant raised no objection to this statement of the evidence.

A trial court's decision on a motion to withdraw a guilty plea after sentencing is reviewed for abuse of discretion, "and withdrawal of the plea is allowed only when necessary to correct a manifest injustice." (Citation and punctuation omitted.) *Phelps v. State*, 293 Ga. 873, 876 (2) (750 SE2d 340) (2013). To the extent the evidence was in conflict at the motion hearing, the credibility of Appellant's testimony was for the trial court to determine. See *Malone v. State*, 321 Ga. App. 803, 805-806 (743 SE2d 479) (2013). "A decision on a motion to withdraw a guilty plea is a matter for the sound discretion of the trial court and will not be disturbed absent manifest abuse." *McGuyton v. State*, 298 Ga. 351, 353 (1) (a) (782 SE2d 21) (2016). Where, as here, the record supports the trial court's determination that a plea was made knowingly, voluntarily, intelligently, and without coercion, the court does not abuse its discretion in denying a motion to withdraw the guilty plea. See *DeToma v. State*, 296 Ga. 90, 93 (1) (765 SE2d 596) (2014).[2]

2. Appellant also asserted in his motion to withdraw the plea that trial counsel provided ineffective assistance by failing to prepare adequately for trial, thereby leaving him no choice but to enter a guilty plea minutes before trial was to begin, and also by failing to explain adequately the legal principles of party to the crime as it related to felony murder so that he did not knowingly plead guilty to felony murder. As set forth in Division 1, however, the testimony regarding these facts was conflicting. As the trier of fact, the trial court was entitled to judge the credibility of the witnesses (see *Malone*, supra, 321 Ga. App. at 805-806), and the trial court expressly found in its order denying the motion to withdraw the plea that trial counsel met with Appellant numerous times and had reviewed the witness statements, Appellant's own statement, "and all other relevant evidence that would be used at trial." Accordingly, the trial court found no deficiency of trial counsel. As Appellant acknowledges in his brief, the test set forth in *Strickland v. Washington*[3] applies to a claim of ineffective assistance of counsel in entering a guilty plea. See *Hill v. Lockhart*, 474 U. S. 52, 56 (106 SCt 366, 88 LE2d 203) (1985). Having failed to establish the first of the two required prongs

---

[2] Contrary to Appellant's assertion, this case is highly distinguishable from *Henderson v. Morgan*, 426 U. S. 637 (96 SCt 2253, 49 LE2d 108) (1976). In *Henderson*, the defendant who was charged with first-degree murder entered a guilty plea to second-degree murder, an offense for which he was not charged. Even though the description of the acts committed by the defendant was presented at the plea hearing, admission to those acts did not necessarily involve an admission of intent to kill, which was an element of second-degree murder in the jurisdiction in which the defendant was charged. Accordingly, the Supreme Court concluded the plea was involuntary. By contrast, in this case, guilt of felony murder as a party to that crime does not involve an element that was not admitted at the plea hearing.

[3] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

of the *Strickland* test — deficient performance of counsel — we reject Appellant's assertion that the trial court erred in finding in its order "no defect in the process, or deficiency of adequate legal counsel."

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 7, 2016.

*Jesse W. Owen*, for appellant.

*Ashley Wright, District Attorney, Joshua B. Smith, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.