300 Ga. 489
FINAL COPY

S16A1474.  BERRIEN v. THE STATE.

NAHMIAS, Justice.

Appellant Michael Berrien challenges the trial court's order denying his motion to withdraw his guilty plea to felony murder in connection with the shooting death of Marcus Collins.  We affirm.

1.     According to the factual basis presented by the State during the plea hearing, on January 26, 2012, Appellant had Vanessa Marrero purchase a .380 caliber handgun for him.  On the night of February 13-14, Appellant was driving around Douglas, Georgia, with Jacob Cornett and Brandon Williams, looking for marijuana.  Appellant asked Collins, who was riding his bicycle, about buying some marijuana, and Collins told Appellant to go to a park and wait.  Collins retrieved the marijuana from his supplier and brought it to the park to Appellant, who took the drugs and got back into the car with Cornett and Williams without paying.  Appellant then pulled out the gun and shot at Collins several times from inside the car.  Collins was struck three times and died from his wounds.

Appellant was later arrested and made statements that led the police to Cornett and Williams, who said that they were in the car with Appellant when he shot Collins. In a monitored telephone call from jail, Appellant asked his father in coded language to hide the gun that he used to shoot Collins, and his father hid the gun in a neighboring county. Appellant's father later led the police to the gun — a Hi-Point .380 caliber handgun — which ballistics testing matched to the three bullets recovered from Collins's body. Marrero, Cornett, and Williams all agreed to testify for the State against Appellant.

On April 25, 2012, a Coffee County grand jury indicted Appellant for malice murder, felony murder based on aggravated assault, use of a firearm by a convicted felon, and possession of a firearm by a convicted felon. Appellant's trial began on September 2, 2014, and a jury was selected to try the case. Appellant was represented by J. Clayton Culp, a very experienced criminal defense lawyer who had been the circuit public defender for more than a decade. On the morning of September 3, Appellant met with his mother and Culp to discuss the possibility of entering a negotiated guilty plea, and before the jury was brought out for opening statements, the parties announced that they had reached an agreement.

With the jury still waiting in the jury room, the trial court conducted a plea hearing, at which Appellant entered a guilty plea to felony murder pursuant to North Carolina v. Alford, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970), and the State nolle prossed the other charges against him.[1]  Culp told the court that Appellant was entering the plea to avoid the risk of receiving a sentence of life in prison without the possibility of parole.  In a colloquy with the court, Appellant acknowledged the constitutional rights that he was waiving by entering his plea and said that no one had made him any promises to cause him to enter his plea and that he had concluded that it was in his best interest to enter the plea; Appellant signed a plea form with the same representations.  Appellant also acknowledged in his colloquy with the court that the State had sufficient evidence to convict him of murder.

The court found that Appellant entered his plea freely and voluntarily and that there was a factual basis for the plea.  After pronouncing a sentence of life

---

[1]  Under Alford, "[a]n individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U. S. at 37.  In this situation, the court may accept the accused's plea and may enter a judgment of conviction as long as there is a sufficient factual basis for the plea.  See id. at 37 n.10.  See also Uniform Superior Court Rule 33.9 ("Notwithstanding the acceptance of a plea of guilty, the judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea.").

in prison with the possibility of parole, the court said to Appellant, "you've heard the sentence of the Court, now having done so, do you wish to withdraw your plea and go to trial or do you want to leave it like it is?" Appellant replied, "Leave it like it is." Later the same day, the court entered the judgment of conviction and sentence based on the guilty plea.

Six days later, on September 9, 2014, Appellant filed a motion to withdraw his guilty plea, which he amended with new counsel on September 21, 2015, raising the two claims discussed below. On October 8, 2015, the trial court held an evidentiary hearing at which Appellant, his mother, and Culp testified, and Appellant's plea form and a transcript of the plea hearing were admitted into evidence. On October 28, 2015, the court entered an order denying Appellant's motion to withdraw his guilty plea.

On December 3, 2015, Appellant filed an untimely notice of appeal. On December 21, 2015, he filed a motion for out-of-time appeal to which the State consented. On January 4, 2016, the trial court entered an order granting Appellant's motion for an out-of-time appeal, and the trial court clerk then

transmitted the record to this Court.[2] The appeal was docketed to the September 2016 term of this Court and submitted for decision on the briefs.

2.     Appellant contends that he received ineffective assistance of counsel in connection with his guilty plea. To prevail on this claim, he must show that his counsel's performance was professionally deficient and that, but for the deficiency, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. See Lafler v. Cooper, 566 U. S. 156, 163 (II) (B) (132 SCt 1376, 182 LE2d 398) (2012); Hill v. Lockhart, 474 U. S. 52, 58-60 (106 SCt 366, 88 LE2d 203) (1985). He has not met this burden.

Appellant asserts that Culp failed to adequately investigate the case and prepare for trial and told him to enter a guilty plea to delay the trial with the false assurance that he could withdraw the plea a week later, and that he would not have entered his Alford plea otherwise. However, before denying

---

    [2] We have held that "the grant of an out-of-time appeal is the functional equivalent of the entry of a judgment," Fairclough v. State, 276 Ga. 602, 603 (1) (581 SE2d 3) (2003), and that a notice of appeal that is untimely from the final judgment may become a premature notice of appeal that ripens when an order dismissing a motion for new trial is entered, see Miller v. State, 273 Ga. 831, 831 n. 1 (546 SE2d 524) (2001). See also Gillen v. Bostick, 234 Ga. 308, 310-311 (215 SE2d 676) (1975) (holding that a notice of appeal filed before the entry of the judgment is effective to vest jurisdiction in the appellate court). In a similar fashion, Appellant's notice of appeal, which was untimely from the judgment of conviction, became a premature notice of appeal that ripened when the trial court entered its order granting Appellant an out-of-time appeal.

Appellant's motion to withdraw his guilty plea, the trial court held an evidentiary hearing at which Appellant, his mother, and Culp testified. The court was entitled to disbelieve the testimony of Appellant and his mother and to credit instead Culp's testimony regarding his substantial investigative efforts and readiness for trial and his flat denial that he told Appellant to enter the Alford plea for purposes of delay or that Appellant could withdraw the plea a week later. Culp explained that the evidence of Appellant's guilt was overwhelming and that Culp was unable to substantiate Appellant's continually changing stories about who else supposedly shot the victim, so no strong defense was available.[3] See Glover v. State, 300 Ga. 88, 90 (793 SE2d 408) (2016) (holding, in the context of a motion to withdraw a guilty plea, that "[t]o the extent the evidence was in conflict at the motion hearing, the credibility of Appellant's testimony was for the trial court to determine"); McGuyton v. State, 298 Ga. 351, 355 (1) (b) (782 SE2d 21) (2016) ("Credibility determinations are within the purview of the trial court . . . ."). Thus, Appellant has failed to prove

_____

[3] According to Culp, Appellant's final version just before trial was that he was with Cornett and Williams before the shooting and gave them the gun without knowing what they were planning to do with it; they dropped him off somewhere with no witnesses; and they came back and picked him up after the shooting and returned the gun to him, which he then gave to his father.

6

ineffective assistance of counsel.

3. Appellant also contends that he should have been allowed to withdraw his plea to correct a manifest injustice, because he has consistently maintained that someone else shot the victim. See Uniform Superior Court Rule 33.12 (A) ("After sentence is pronounced, the judge should allow the defendant to withdraw a plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice."). However, a trial court's acceptance of a knowing and voluntary guilty plea with a sufficient factual basis from a defendant who is unwilling or unable to admit his participation in the crime does not amount to a "'manifest injustice,' such as where the defendant was 'denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.'" McGuyton, 298 Ga. at 353 (1) (a) (citation omitted).

To the contrary, the scenario that Appellant describes is the very situation that the United States Supreme Court confronted in Alford, where the defendant had entered a guilty plea to second-degree murder but "accompanied [his plea] with the statement that he had not shot the victim." Alford, 400 U. S. at 32. The

Court held:

> [W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

Id. at 37. See also id. at 36 ("[T]he Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence."). Appellant has failed to show that the trial court abused its discretion in denying his motion to withdraw his guilty plea. See McGuyton, 298 Ga. at 353-354 (rejecting claim that it was an abuse of discretion to deny a motion to withdraw an Alford plea to murder because the plea was not based on a personal acknowledgment by the defendant that the evidence was legally sufficient to support his conviction); McKiernan v. State, 288 Ga. 140, 142-143 (2) (702 SE2d 170) (2010) (rejecting claim that it was an abuse of discretion to deny a motion to withdraw an Alford plea to felony murder where the defendant maintained at his plea hearing that the shooting was accidental).

Judgment affirmed. All the Justices concur.

8

Decided February 6, 2017.

Murder. Coffee Superior Court. Before Judge Brooks.

Kathleen W. Williams, for appellant.

George E. Barnhill, District Attorney, John A. Rumker, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General, for appellee.