300 Ga. 571
FINAL COPY

S16A1529.  GOMEZ v. THE STATE.

BENHAM, Justice.

This appeal stems from the denial of a motion to withdraw a guilty plea.  Appellant Gilberto Gomez shot and killed 13-year-old Steven Galindo during an armed robbery of Galindo and Galindo's sister, Samaria Diaz.  The record shows that on July 22, 2013, Gomez and his compatriot Sergio Reyes Alvear approached the victims while they were outside their apartment next to their truck.  Gomez was armed with a shotgun, and Alvear was armed with a baseball bat.  Gomez and Alvear, whose faces were covered by bandanas, invoked the name of a street gang and demanded the keys to the vehicle.  They also took money and jewelry from Diaz.  When the key the men were given did not start the truck, Alvear began hitting the truck with the bat.  Meanwhile, Galindo tried to run away, and Gomez shot him at least two times in the back.  Gomez's gun was filled with buckshot, and Galindo sustained fatal injuries from over 100 pellets lodged in his back.  When taken into custody, Gomez made admissions as to his part in the crimes.

A Clayton County grand jury indicted Gomez and Alvear on charges of malice murder, four counts of felony murder, two counts of armed robbery,

two counts of aggravated assault, three counts of violating the Georgia Street Gang Terrorism and Prevention Act ("GSGTPA"), two counts of hijacking a motor vehicle, criminal damage to property in the second degree, theft by receiving stolen property, and five counts of possession of a firearm during the commission of a crime. On the eve before trial, Gomez learned from plea counsel that Alvear would likely testify against him, and, at that point, Gomez entered a negotiated plea and pled guilty to malice murder, armed robbery (of Diaz), and a violation of the GSGTPA. The trial court sentenced Gomez to life in prison with the possibility of parole for malice murder, fifteen years to serve consecutively for armed robbery, and five years to serve consecutively for violation of the GSGTPA. The remaining indicted charges were nolle prossed.

A month after being sentenced, Gomez filed a motion to withdraw his guilty plea, and the trial court denied it. On appeal, Gomez argues his plea should be allowed to be withdrawn because his plea counsel did not specifically advise him he would have to serve at least 42-45 years in prison[1] before being eligible for parole. As such, Gomez contends his plea counsel

_____

[1] At the motion to withdraw hearing, appellate counsel argued Gomez would have to serve at least 42 years before becoming parole-eligible; however, in Gomez's brief to this Court, he has asserted he would have to serve at least 45 years.

rendered constitutionally ineffective assistance. For reasons stated below, we affirm.

At the motion to withdraw hearing, plea counsel testified he told Gomez he would serve "30 years or so" before being eligible for parole.[2] By using the phrase "30 years or so," counsel explained he meant Gomez would be eligible for parole after 30 years of service. Plea counsel further explained he did not want to give Gomez a specific number of years regarding parole eligibility because, in his experience, telling clients a highly specific number of years for parole eligibility was misleading. Counsel also testified he advised Gomez his parole eligibility would depend on his behavior while incarcerated, noting that Gomez had already incurred an aggravated assault charge while in jail awaiting trial and had been cited for other misconduct.[3] In addition, counsel said he informed Gomez that whether or not he was paroled was up to the State Board of Pardons and Parole (the "parole board").[4] Gomez testified counsel told him he would only serve 22 or 25

---

[2] Although Gomez testified at the motion for new trial hearing that counsel told him he would only have to serve 22 to 25 years before becoming parole-eligible, in his brief to this Court, he now states that it is "undisputed" that plea counsel told him he would be eligible for parole in "30 years or so."

[3] Gomez assaulted a corrections officer while awaiting trial. At the time of his plea, he had also been cited for writing gang insignias on his shoes.

[4] See OCGA §§ 42-9-40, 42-9-43.

years and, had he known he would serve a minimum of 42 years, he would have rejected the plea and gone to trial.[5] The record shows Gomez knew, prior to entering his plea, the maximum sentence he could receive was a life sentence without parole plus a number of years.

"[W]hen a criminal defendant seeks to withdraw a guilty plea on the ground of ineffective assistance of counsel, the ineffective assistance claim must be evaluated under the two-prong test set forth in Strickland v. Washington.[6]" Alexander v. State, 297 Ga. 59, 64 (772 SE2d 655) (2015). In order to prevail on a claim of ineffective assistance of counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, [the defendant would have elected to proceed to trial rather than enter a plea]. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) Pruitt v. State, 282 Ga. 30, 34 (4) (644 SE2d 837 (2007). If a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed by the Court. Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

---

[5] The trial court was authorized to credit plea counsel's testimony and discredit Gomez's testimony that counsel told him he would serve 22 or 25 years before becoming eligible for parole. See Jones v. State, 287 Ga. 270, 271-272 (695 SE2d 271) (2010).

[6] 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

4

Pretermitting whether plea counsel's performance was deficient as Gomez has alleged on appeal, Gomez has failed to show prejudice. The trial court was entitled to discredit Gomez's testimony at the motion for new trial hearing that he would not have entered a plea if he had known he would have to serve 42 years before being eligible for parole.  See, e.g., Francis v. State, 296 Ga. 190 (4) (766 SE2d 52) (2014) (noting that this Court accepts a trial court's credibility determinations regarding testimony given at a motion for new trial hearing).  Moreover, the record shows Gomez knew he was facing a maximum sentence of life *without any possibility of parole* plus a number of years should he be tried and convicted by a jury.  Gomez was also facing the possibility a jury would convict him of and the trial court would sentence him on several more crimes than the three to which he would be entering a plea.[7] In addition: Diaz was an eyewitness to the crimes; Gomez had made inculpatory admissions to authorities regarding his part in the crimes; and Gomez was aware that his cohort would likely be testifying against him. Given the evidence presented to the trial court, we cannot say its conclusion that Gomez did not meet his burden of showing prejudice under the

---

[7] By entering the plea, Gomez avoided being tried for the additional crimes of hijacking a motor vehicle, criminal damage to property in the second degree, theft by receiving stolen property, and possession of a firearm during the commission of a crime, among other charges that may or may not have merged for sentencing purposes if a jury had found him guilty on those counts.

Strickland v. Washington test was in error. Accordingly, the trial court did not err when it denied Gomez's motion to withdraw his guilty plea on the grounds plea counsel was ineffective.[8]

Judgment affirmed. All the Justices concur.

Decided February 27, 2017.

Murder, etc. Clayton Superior Court. Before Judge Carter.

Brandon Lewis, for appellant.

Tracy Graham Lawson, District Attorney, Elizabeth A. Baker, Kathryn L. Powers, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.

---

[8] The evidence otherwise shows the plea was voluntarily and knowingly made. Gomez signed a form that he was aware of the rights he was foregoing by entering a plea, acknowledged he was aware the maximum possible sentence he could receive was life in prison without parole plus a number of years, and he made affirmative statements to the trial court that he had consulted with counsel and understood all ramifications of entering a guilty plea.