301 Ga. 746
FINAL COPY

S17A0982. RICE v. THE STATE.

BLACKWELL, Justice.

In 2011, Michael Todd Rice pled guilty to felony murder in connection with the shooting death of James Abney, Jr. Rice appeals, claiming the trial court erred when it denied his motion to withdraw his plea. Rice also contends that he was denied the effective assistance of counsel. Upon our review of the record and briefs, we see no error, and we affirm.

The facts as set out in the indictment and plea hearing transcript are as follows. On April 6, 2010, Rice reported to police that Abney had robbed him while they were playing pool. A few hours later, Rice borrowed a gun and drove around Macon with Stanley "Bo" Dominy, trying to find Abney. When they located him, Rice got out of the vehicle and fatally shot Abney in the head. When police officers informed Rice that they found his cell phone near the crime scene, Rice admitted being present but claimed that Dominy was the

shooter. Rice and Dominy were indicted on charges of malice murder, felony murder, and possession of a firearm during the commission of a crime.

Rice was scheduled to be tried alone in January 2011, with an eyewitness to the shooting, Dominy, and the friend from whom Rice had borrowed the gun all testifying against him. Shortly before the scheduled trial, Rice's lawyer became aware of a conflict of interest and was removed as counsel. The case was continued to the March 2011 trial calendar, and Ann Parman was appointed to defend Rice at some point in late February. When Rice's case was called on March 7, 2011, Rice told the trial court that Parman had not had time to adequately prepare his defense. Parman disputed this, saying that she was ready to try the case and knew the file "backwards and forwards" after having numerous conversations with Rice's previous lawyer and the prosecuting attorney. The trial court instructed Rice to spend the afternoon discussing his case with Parman and to return in the morning ready for trial.

On March 8, Rice reported to the trial court that he had resolved his concerns about Parman, and he entered a plea of guilty to felony murder. Pursuant to a joint recommendation, the trial court sentenced Rice to

2

imprisonment for life with the possibility of parole, and a nolle prosequi order was entered for malice murder and the possession charge.

A few days later, the trial court received a handwritten letter from Rice asking to withdraw his guilty plea, and an amended motion to withdraw later was filed by Rice's appellate counsel. A hearing was held on this motion during which both of Rice's previous lawyers testified, as well as Rice himself, and the trial court denied the motion to withdraw soon thereafter. In 2013, Rice filed a motion for an out-of-time appeal. The trial court granted that motion, and Rice filed a timely notice of appeal.

1. Rice claims that his guilty plea was entered under duress because the only alternative that he had to pleading guilty was to go to trial with a lawyer who had not had time to prepare a defense. But Rice testified at the plea hearing that he had resolved his concerns about Parman, that he had no complaints about her performance, and that he was entering his plea voluntarily (after having been informed of the rights he was waiving). The voluntary nature of the plea is evidenced by the testimony of Parman and Rice's original trial lawyer, who both said that they informed Rice that the State's case against him was strong. The

trial court did not err when it found that Rice's plea was voluntarily made. See Mims v. State, 299 Ga. 578, 587 (2) (d) (787 SE2d 237) (2016).

2. Rice also contends that he was denied the effective assistance of counsel because Parman did not have adequate time to prepare for trial. To prevail on a claim of ineffective assistance, Rice must prove both that Parman's performance was deficient and that he was prejudiced by this deficient performance. Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To prove that Parman's performance was deficient, Rice must show that she performed her duties in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. Id. at 687-688 (III) (A). See also Kimmelman v. Morrison, 477 U. S. 365, 381 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by Parman's performance, Rice must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U. S. 52, 58-59 (106 SCt 366, 88 LE2d 203) (1985). This burden is a heavy one, see Kimmelman, 477 U. S. at 382 (II) (C), and we conclude that Rice has failed to carry it.

As to Rice's claim that Parman's representation was deficient, the record indicates that Parman met with Rice at least three times before the case was called, had completed her review of the file prepared by Rice's previous lawyer (who also had been fully prepared for trial), and spoke with that lawyer extensively regarding the case. Parman also reviewed the State's file to confirm that her materials were complete and discussed the case with the prosecuting attorney and Dominy's lawyer. Despite Rice's claim that Parman failed to meet with him enough times prior to trial, "there exists no magic amount of time which counsel must spend in actual conference with his client." Harris v. State, 279 Ga. 304, 307 (3) (b) (612 SE2d 789) (2005) (citation and punctuation omitted). And Rice fails to articulate with any specificity how Parman could have better represented him had she been given more time to prepare.[1] As a result, Rice is unable to show that Parman's representation was deficient in any way, and he has failed to carry his burden to prove ineffective assistance.

Judgment affirmed. All the Justices concur.

---

[1] Rice suggests that Parman should have subpoenaed witnesses to testify on his behalf, but he does not specify which witnesses should have been subpoenaed or how their testimony would have benefitted his defense. Accordingly, any claim that Parman's performance was deficient because she did not subpoena witnesses would be without merit. See Harris, 279 Ga. at 307 (3) (b).

Decided August 14, 2017.

Murder. Bibb Superior Court. Before Judge Simms.

Tamika L. Fluker, for appellant.

K. David Cooke, Jr., District Attorney, Dorothy V. Hull, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vanessa T. Meyerhoefer, Assistant Attorney General, for appellee.