306 Ga. 430
FINAL COPY

S19A0643. DAVIS v. THE STATE.

WARREN, Justice.

On March 14, 2016, Appellant Brandon Davis pled guilty in the Superior Court of Bibb County to the felony murder of Chassity Lester. Pursuant to a negotiated plea agreement, the State nolle prossed one count of malice murder (the only other charge for which Davis had been indicted in this matter), and the trial court sentenced Davis to life imprisonment. Approximately two weeks later, and during the same term of court, Davis moved, through plea counsel, to withdraw his guilty plea. At a hearing on that motion — during which Davis was still represented by the same attorney who represented him during his guilty plea — Davis personally told the trial judge that he felt that his plea counsel did not have enough time to prepare for the case. Davis's attorney also argued that Davis was "psychologically coerced" into pleading guilty. Without appointing new counsel or receiving evidence on that claim, the trial

court denied Davis's motion to withdraw his guilty plea. In *Davis v. State*, 301 Ga. 658 (802 SE2d 246) (2017), we reversed that denial and remanded the case for the trial court to hold a hearing with new counsel on Davis's ineffectiveness claim. On remand, the trial court again denied Davis's motion to withdraw his guilty plea. This Court dismissed as untimely Davis's first attempt to appeal that ruling, but Davis then requested, and was granted, this out-of-time appeal. For the reasons explained below, we affirm.

On appeal, Davis contends that his plea counsel was constitutionally ineffective by failing adequately to prepare for trial, and that the trial court's denial of his motion to withdraw his guilty plea was therefore a "manifest injustice." "In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right once sentence has been pronounced by the judge." Uniform Superior Court Rule 33.12 (B); see also *Johnson v. State*, 303 Ga. 704, 706 (814 SE2d 688) (2018) ("After sentencing, a defendant may withdraw his guilty plea only to correct a manifest

2

injustice, which exists if the plea was in fact entered involuntarily or without an understanding of the nature of the charges."). Moreover, "[a] decision on a motion to withdraw a guilty plea is a matter for the sound discretion of the trial court and will not be disturbed absent manifest abuse." *McGuyton v. State*, 298 Ga. 351, 353 (782 SE2d 21) (2016).

Denial of effective assistance of counsel can constitute a manifest injustice requiring withdrawal. *Graham v. State*, 300 Ga. 620, 621 (797 SE2d 459) (2017). And although the State generally bears the burden of showing that a challenged guilty plea was entered intelligently and voluntarily, "when a criminal defendant seeks to withdraw a guilty plea on the ground of ineffective assistance of counsel, the ineffective assistance claim must be evaluated under the two-prong test set forth in *Strickland v. Washington*."[1] *Alexander v. State*, 297 Ga. 59, 64 (772 SE2d 655) (2015); see also *Phelps v. State*, 293 Ga. 873, 875-876, 879-880 (750

---

[1] 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

SE2d 340) (2013).[2]  Under that standard, a defendant bears the burden of showing: (1) that counsel's performance was deficient; and (2) "that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the defendant would have elected to proceed to trial rather than enter a [guilty] plea." *Gomez v. State*, 300 Ga. 571, 573 (797 SE2d 478) (2017) (citation and punctuation omitted).  There is a "strong presumption" that "counsel's conduct falls within the broad range of professional conduct."  Id. (citation and punctuation omitted).  And "[i]f a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed by the Court." Id.

In support of his argument that his plea counsel was inadequately prepared for trial, Davis contends that plea counsel, who had only represented him for three months, had a heavy case load and was preparing for other major felony trials at the same time

---

[2] We note that Davis acknowledged in writing and orally at his plea hearing that he understood the constitutional rights he was waiving by pleading guilty and affirmed that he did so voluntarily.

he was preparing for Davis's trial. Davis also complains that five days before his trial-date setting, the State produced GBI lab tests connecting Davis to the murder through DNA evidence and disclosed that it had spoken to witnesses, including Davis's family members, and confirmed that those witnesses could positively authenticate Davis's voice in an anonymous 911 call that implicated him in Lester's murder. Davis contends that after these disclosures, his plea counsel pressured him to plead guilty without interviewing these witnesses, conducting any further DNA testing, or doing anything else to confirm the State's representations.

Davis's contentions, however, are contradicted by the record. For example, at the motion to withdraw hearing, plea counsel testified that he treated Davis's case as a "top priority" when it was assigned to him, and that he immediately began meeting with Davis and reviewing discovery, spending about 35 hours preparing for trial and meeting with Davis at least three times. See, e.g., *Rice v. State*, 301 Ga. 746, 748 (804 SE2d 5) (2017) ("[T]here exists no magic amount of time which counsel must spend in actual conference with

5

his client." (citation and punctuation omitted)). Moreover, plea counsel testified unequivocally that he was prepared to try Davis's case. See *Berrien v. State*, 300 Ga 489, 492 (796 SE2d 718) (2017) (trial court entitled to credit plea attorney's testimony that he was prepared for trial over defendant's evidence to the contrary). Regarding the voice-authentication witnesses, trial counsel testified that the names of those witnesses had been disclosed previously to the defense on the State's witness list. Trial counsel testified that after learning of the State's voice-authentication witnesses and DNA evidence, he met with Davis and explained that although the evidence did not destroy his defense, it weakened it. Counsel confirmed that after discussing all of the evidence with Davis, Davis decided to plead guilty.

After hearing this and additional evidence and argument on remand, the trial court recounted its exchange with Davis at the plea hearing: "I said, are you satisfied with your lawyer's representation; Mr. Davis said yes, so he wrote it down and then he said it to me when I asked the question." The trial court then found

6

that "[i]f Mr. Davis legitimately had any of these issues, he had two opportunities there to raise those issues, and we would have taken them into consideration. He didn't, and Mr. Davis, when he left the courtroom that day, he didn't have a problem with legal representation." The court then denied Davis's motion to withdraw his guilty plea, concluding that Davis failed to show that his counsel was deficient or that he was prejudiced by any alleged deficiency.

"The trial court was authorized to credit the testimony of [the defendant's] counsel, and its factual findings and credibility determinations will be accepted unless clearly erroneous," *Jones v. State*, 287 Ga. 270, 272 (695 SE2d 271) (2010) (citation and punctuation omitted), whereas its "legal conclusions are reviewed de novo." *Arnold v. State*, 292 Ga. 95, 96 (734 SE2d 382) (2012) (citation and punctuation omitted). And in the absence of explicit factual and credibility findings by the trial court, we presume implicit findings were made supporting the trial court's decision. See *Arnold*, 292 Ga. at 96-97. Given the circumstances discussed above, we can identify no clear error in the trial court's factual

7

findings and credibility determinations and no abuse of discretion in its denial of Davis's motion to withdraw his guilty plea based on alleged ineffectiveness of counsel. See, e.g., *Rice*, 301 Ga. at 748 (newly appointed plea counsel not deficient where, among other things, she reviewed the file and met with defendant "at least three times," and defendant "fail[ed] to articulate with any specificity how [plea counsel] could have better represented him," including how additional, unidentified witnesses that defendant claimed should have been subpoenaed "would have benefitted his defense"); *Glover v. State*, 300 Ga. 88, 90-91 (793 SE2d 408) (2016) (defendant failed to show plea counsel performed deficiently where plea counsel, among other things, met with defendant numerous times and reviewed evidence with defendant); *Wright v. State*, 292 Ga. 825, 827-828 (742 SE2d 468) (2013) (plea counsel not deficient where plea counsel testified that he reviewed case, met with defendant "several times" to discuss "forensic evidence, potential witnesses, and possible defenses," and defendant did not "offer any evidence that further investigation would have uncovered"); *Jones*, 287 Ga. at 271-

272 (defendant failed to show plea counsel was deficient where plea counsel testified that she had prepared for trial and met with defendant several times to discuss "the State's evidence and anticipated witnesses," and defendant acknowledged that "he met with counsel three or four times," but "felt that she could have done more to get in contact with witnesses").  Because the trial court did not err in ruling that Davis failed to show that his plea counsel's "conduct fell below an objective standard of reasonableness," Davis's appeal fails.

*Judgment affirmed.  All the Justices concur.*

DECIDED AUGUST 5, 2019.

Murder. Bibb Superior Court. Before Judge Simms.

*Cooper, Barton & Cooper, Michael D. Cooper, Ashley A. Cooper*, for appellant.

*K. David Cooke, Jr., District Attorney, Cara R. Fiore, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Scott O. Teague, Assistant Attorney General*, for appellee.