**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**May 7, 2020**

# In the Court of Appeals of Georgia

A20A0424. BRANNER v. THE STATE.

BARNES, Presiding Judge.

Charlie Branner, Jr. contests the denial of his motion to withdraw his guilty plea. For reasons that follow, we vacate the judgment and remand the case with direction to dismiss Branner's motion.

In November 2018, while represented by counsel, Branner entered in the Superior Court of Tift County a negotiated _Alford_[1] plea to three counts of child

---

[1] See generally _North Carolina v. Alford_, 400 U. S. 25, 37 (91 SCt 160, 27 LE2d 162) (1970) ("[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty."); _Berrien v. State_, 300 Ga. 489, 493 (3) (796 SE2d 718) (2017) (summarizing the "situation that the United States Supreme Court confronted in _Alford_ . . . [as] the defendant had entered a guilty plea to second-degree murder but accompanied his plea with the statement that he had not shot the victim") (citation and punctuation omitted).

molestation.[2] At the end of Branner's plea hearing, the trial judge orally pronounced sentence. Three days later, on November 16, Branner filed a pro se motion to withdraw his plea. On November 28, 2018, the trial court entered judgment upon Branner's plea,[3] convicting him of the three child molestation counts, and imposing an aggregate sentence of 30 years, to serve 14 in confinement.

The following year, in July 2019, the trial court conducted a hearing on Branner's motion to withdraw his plea. Thereafter, the trial court denied Branner's motion on the merits, and Branner challenges that ruling in this appeal. As more fully explained below, Branner supplied the trial court no viable basis to rule in his favor – his pro se motion amounted to a nullity, and subsequent efforts undertaken were untimely because the trial court had meanwhile lost jurisdiction over the issue.

---

[2] The indictment alleged that these offenses were committed "between the 1st day of August, 2015, and the 30th day of August, 2016, the exact date of the offense[s] being unknown."

[3] See generally *Humphrey v. State*, 299 Ga. 197, 198 (1) (787 SE2d 169) (2016) ("[W]ithdrawal [of a guilty plea] is permitted as a matter of right at any time before the trial court orally pronounces a defendant's sentence. Once the sentence has been pronounced, the defendant loses the absolute right to withdraw his plea, though he may still seek to withdraw, within the trial court's discretion, where necessary to correct a manifest injustice.") (citations and punctuation omitted).

It is well settled that "[a] criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014). When Branner filed his pro se motion to withdraw his plea, he was still represented by plea counsel. As the Supreme Court of Georgia has recently reaffirmed, "at a minimum, legal representation continues – unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, – through the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea." (Citation and punctuation omitted.) *Dos Santos v. State*, 307 Ga. 151, 153 (2) (834 SE2d 733) (2019).

The term of court during which Branner was convicted and sentenced ended on March 11, 2019.[4] Prior to that date, no order was entered either for plea counsel to withdraw or for substitution of counsel. Consequently, Branner's pro se motion amounted to a legal nullity, presenting the trial court with nothing to decide. See *Ricks v. State*, 307 Ga. 168, 169 (835 SE2d 179 (2019) ("Given that the record

---

[4] See OCGA § 15-6-3 (39) (B) ("The terms of court for the superior courts for each of the judicial circuits shall commence as follows: . . . Tift County – Second Monday in March and second Monday in September.").

contains no order allowing plea counsel to withdraw before [the defendant] submitted her pro se filings . . . , [the defendant] was still represented by counsel when she submitted them, such that her pro se motions were legal nullities."); *Dos Santos*, 307 Ga. at 154 (3) ("Dos Santos's pro se motion to withdraw her pleas was unauthorized and without effect, because she had no right to represent herself at the same time she was represented by a lawyer.").

It is also well settled that "a trial court lacks jurisdiction to permit the withdrawal of a guilty plea once the term of court has expired in which the defendant was sentenced." (Citation and punctuation omitted.) *Bankston v. State*, 307 Ga. 656, 657 (2) (837 SE2d 788) (2020). See *Colquitt v. State*, 307 Ga. 43, 44 (834 SE2d 52) (2019) (same); *Humphrey*, 299 Ga. at 198 (1) (reciting that a "motion must be filed within the term of court in which the defendant was sentenced under the plea, as the trial court lacks jurisdiction to entertain a motion to withdraw filed beyond the term of sentencing"). Here, after the expiration of the term of court during which Branner was sentenced, additional pleadings were filed, orders were entered, and a hearing was conducted on his purported motion to withdraw. In particular, on March 29, 2019, Branner's plea counsel filed a motion to withdraw as counsel; the trial court granted that motion on April 1, 2019; the court also appointed new counsel

4

(hereinafter, "motion-to-withdraw counsel"); and motion-to-withdraw counsel filed a notice of representation on May 13, 2019.

> [A]lthough motion-to-withdraw counsel argued at the [July 2019] hearing that [Branner] should be allowed to withdraw [his] guilty plea, that could not breathe life into [Branner's] inoperative pleading[.] The trial court therefore should have dismissed [Branner's November 2018] pro se motion[ ], rather than denied [it].

(Citations and punctuation omitted.) *Ricks*, 307 Ga. at 169. See *Bankston*, 307 Ga. at 657 (2) ("Because the . . . term of court in which Bankston entered his plea expired decades ago, the trial court did not have jurisdiction over Bankston's motion to withdraw. The trial court therefore properly dismissed Bankston's motion to the extent it sought to withdraw his guilty pleas.") (citation and punctuation omitted); *Dos Santos*, 307 Ga. at 155 (3) ("The trial court should have dismissed Dos Santos's pro se motion rather than ruling on its merits); *White v. State*, 302 Ga. 315, 320 (2) (806 SE2d 489) (2017) ("The only filing that could be treated as a valid motion to withdraw Appellant's guilty pleas was the amended motion that his new counsel . . . filed . . . . By that time, however, the term of court during which Appellant entered his guilty pleas had ended, so the trial court no longer had jurisdiction to grant a motion to withdraw guilty pleas."); *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d

1) (2017) ("Because the trial court decided the merits of a motion it lacked jurisdiction to decide, we vacate the trial court's order and remand with instructions to dismiss.").

In light of the foregoing, we vacate the contested judgment, and remand this case with instruction to dismiss Branner's pro se motion to withdraw his plea.

*Judgment vacated and case remanded with direction. Gobeil and Pipkin, JJ., concur.*