NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: October 1, 2024

S24A0518.  GOODWIN v. THE STATE.

BOGGS, Chief Justice.

Appellant Ronrecus Goodwin appeals the denial of his timely motion to withdraw his guilty plea to malice murder in connection with the 2019 shooting death of Cameron Johnson.[1] He contends that his motion was improperly denied because he received

---

[1] The shooting and connected crimes occurred on September 13, 2019. On September 8, 2021, a Glynn County grand jury indicted Appellant for malice murder (Count 1), two counts of felony murder (Counts 2 and 3), aggravated assault (Count 4), possession of a firearm during the commission of a felony (Count 5), and possession of a firearm by a first offender probationer (Count 6). On October 8, 2021, Appellant pleaded guilty to malice murder and received a sentence of life in prison with the possibility of parole; all other counts were nolle prossed. On October 27, 2021, Appellant filed a motion to withdraw his guilty plea, which the trial court denied on July 22, 2022. On September 20, 2023, Appellant, through appellate counsel, filed a motion to vacate and set aside the order denying the request to withdraw the guilty plea on the ground that appellate counsel had not received notice of the order. On October 19, 2023, the trial court vacated and reentered the order for the purpose of allowing Appellant to file a timely notice of appeal. Appellant filed the timely notice of appeal, and the case was docketed to the Court's April 2024 term and submitted for a decision on the briefs.

ineffective assistance of counsel. Specifically, Appellant argues that plea counsel was deficient by failing to appropriately advise him as to how long he would have to stay in prison and contends that he would not have pleaded guilty to the malice murder charge had he understood that he must serve 30 years in prison before being eligible for parole.[2] However, the trial court's determination that Appellant failed to establish that his counsel performed deficiently is supported by the record. Seeing no abuse of discretion in the denial of Appellant's motion to withdraw his guilty plea, we affirm.

According to the factual basis presented by the State during the plea hearing, in September 2019, Appellant became romantically involved with Andrea Stanek, with whom Johnson had an "on-again, off-again" relationship. On the evening of September 13, 2019, Appellant, Johnson, Stanek, and a few mutual friends were together when it was suggested that Appellant and Johnson

---

[2] OCGA § 17-10-6.1 (c) (1) provides that for a first conviction of a serious violent felony "in which the accused has been sentenced to life imprisonment, that person shall not be eligible for any form of parole or early release administered by the State Board of Pardons and Paroles until that person has served a minimum of 30 years in prison."

leave the residence to "talk thi[ngs] out" because "there was a great deal of tension between [them] over . . . Stanek." Appellant and Johnson "went for a walk around the block a couple of times." Upon their return, witnesses reported that "everything seemed to be fine," but "all of a sudden [Appellant] pulled [a] gun from either his pocket or his waistband and shot [Johnson] in the chest."

Johnson did not survive the gunshot and Appellant was charged with malice murder, two counts of felony murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a first offender probationer.[3]

At a hearing on October 8, 2021, Appellant entered a guilty plea to malice murder, and the trial court entered an order of nolle prosequi on the remaining charges at the State's request. The prosecutor reported that "[t]he plea agreement in this case is for life with the possibility of parole, which under the law means that

---

[3] At the time of the crimes, Appellant was on probation as a felony first offender for the offense of aggravated assault.

[Appellant] would have to serve 30 years before he would be eligible [for parole]." In a colloquy with the trial court, Appellant acknowledged the constitutional rights he was waiving by entering his plea and confirmed that he had an opportunity to discuss with plea counsel the plea agreement. Appellant further stated that he was guilty of the offense of malice murder; that no one had threatened or coerced him to enter the plea; that he was not under the influence of alcohol or drugs; and that he understood the plea agreement and had no questions about the offense or the recommendation of life with the possibility of parole. Further, plea counsel stated that he had discussed with Appellant the plea and that it was his belief that Appellant was entering the guilty plea freely and voluntarily. The trial court found that Appellant entered his plea freely and voluntarily and pronounced a sentence of life in prison with the possibility of parole.[4]

---

[4] The trial court also adjudicated Appellant guilty of aggravated assault in the matter for which he was on probation as a felony first offender and resentenced him to 20 years in prison to run concurrent with the sentence in the instant case.

On October 27, 2021, during the same term of court in which the guilty plea was entered, Appellant's plea counsel filed a motion to withdraw his guilty plea. On July 15, 2022, the trial court held an evidentiary hearing on the motion, at which time Appellant was represented by appellate counsel. Appellant testified that he had been "coerced" and "manipulated" into entering his guilty plea, that his plea counsel failed to explain the sentencing ranges for malice and felony murder, and that he was unaware prior to taking his plea that the law required him to serve 30 years before being eligible for parole.

Appellant's plea counsel testified that he had practiced criminal defense for 40 years and had tried about 20 murder cases. Plea counsel further testified that he was prepared for trial had Appellant chosen not to plead guilty, and that he had discussed the case with Appellant "at great length." Specifically, plea counsel recalled that he discussed with Appellant the plea agreement and the sentence of life with the possibility of parole during "more than two conversations," and that he explained to Appellant that he

would not "gain much" by proceeding to trial because he likely would be found guilty of at least felony murder, which at best would result in a life sentence with a "mandatory thirty years" to serve, and, at worst, he could be convicted of malice murder and be sentenced to "life without parole." Additionally, plea counsel stated that he "distinctly remember[ed] talking to [Appellant] about [Appellant's] age and that thirty years from now, yeah, he'd be an older man but he will have an opportunity to have some life after that." Plea counsel also recalled telling Appellant that in 30 years Appellant would be "about [plea counsel's] age or younger," and that plea counsel felt that he personally had "a lot of life ahead." Plea counsel further testified that he met with Appellant at the jail to discuss the plea agreement, that Appellant appeared to understand the plea agreement, and that he did not recall Appellant having any questions about the plea.

At the conclusion of the evidentiary hearing, the trial court orally denied Appellant's motion to withdraw his guilty plea. On July 22, 2022, the trial court issued its order denying the motion,

finding that Appellant's plea counsel was not constitutionally deficient in his representation and, therefore, there was no manifest injustice in the guilty plea.

On appeal, Appellant contends that the trial court improperly denied his motion to withdraw his guilty plea because he received ineffective assistance of counsel on the basis that plea counsel failed to appropriately advise him on how long he would have to stay in prison under his guilty plea and, had he known that he would have to serve 30 years in prison before being eligible for parole, he would not have entered his guilty plea. This claim has no merit.

"After sentencing, a defendant may withdraw his guilty plea only to correct a manifest injustice." *Hood v. State*, 315 Ga. 809, 812 (884 SE2d 901) (2023). We have explained that "[i]neffectiveness of counsel can constitute manifest injustice requiring that a defendant be allowed to withdraw his plea." *Powell v. State*, 309 Ga. 523, 526 (847 SE2d 338) (2020). To establish ineffective assistance of counsel in the guilty plea context, the defendant must show both that "counsel's performance was deficient" and that "the deficient

7

performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the defendant would have elected to proceed to trial rather than enter a guilty plea." *Davis v. State*, 306 Ga. 430, 431 (831 SE2d 804) (2019) (cleaned up). In reviewing a trial court's decision on a motion to withdraw a guilty plea where, as here, the trial court does not make explicit factual and credibility determinations, "we presume implicit findings were made supporting the trial court's decision." Id. at 432-433 ("[I]n the absence of explicit factual and credibility findings by the trial court, we presume implicit findings were made supporting the trial court's decision."). Moreover, the trial court's decision "will not be disturbed absent an obvious abuse of discretion." *Wright v. State*, 314 Ga. 355, 357 (877 SE2d 178) (2022) (cleaned up). Further, where the defendant is unable to establish that counsel performed deficiently, the inquiry ends, and it is not incumbent upon this Court to examine the prejudice prong. See *Davis*, 306 Ga. at 431, 433 (concluding that defendant's appeal from the trial court order denying the motion to withdraw guilty plea failed because the trial court did not abuse its

8

discretion in ruling that defendant failed to show deficiency).

Here, the trial court found that Appellant had not established that plea counsel performed deficiently by failing to adequately advise him that he would have to serve 30 years before being eligible for parole. The trial court was entitled to disbelieve Appellant's testimony that plea counsel failed to discuss the parole consequences of his guilty plea and to credit instead plea counsel's testimony that he discussed with Appellant the different parole consequences of pleading guilty as opposed to proceeding to trial and discussed that Appellant would have to serve 30 years before being eligible for parole under the plea agreement. See *Berrien v. State*, 300 Ga. 489, 492 (2) (796 SE2d 718) (2017) (noting, in case challenging denial of motion to withdraw guilty plea, that "to the extent the evidence was in conflict at the motion hearing, the credibility of Appellant's testimony was for the trial court to determine," and that "credibility determinations are within the purview of the trial court") (cleaned up)). The trial court implicitly credited plea counsel's testimony over Appellant's in finding that

plea counsel's representation was not constitutionally deficient, and the record supports this finding. Accordingly, because the trial court did not abuse its discretion in ruling that Appellant failed to show that his plea counsel performed deficiently, Appellant's appeal fails.

*Judgment affirmed. All the Justices concur.*